**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**DAVID HACKMAN** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 3:25-CV-225-SA-JMV**

**WWEC HOLDINGS III, CORP.** **DEFENDANT**

# ORDER GRANTING MOTION TO RESTRICT

This matter is before the Court on WWEC Holdings III Corp.'s ("WWEC" or "Respondent"), Motion to Restrict Access [Doc. 48], pursuant to Local Rule 79, and requesting the undersigned to enter an Order restricting certain exhibits filed with its Answer and Counterclaim [Doc. 47]. WWEC further seeks to redact certain sections of its Answer and Counterclaim, as filed at [Doc. 47], which contain the same confidential information as appears in the exhibits they are seeking to restrict access to. WWEC seeks to restrict this information from public access only, with access permitted to litigants and their counsel. The Court having been informed that no opposition is made to the motion and for good cause shown as discussed below, finds it will be GRANTED.

## I. Non-Confidential Description of What is Sought to be Restricted

**Exhibit 4** is a Preliminary Objection submitted in this earnout dispute proceeding containing financial data and EBITDA analysis.

**Exhibit 5** is an email from J. Taylor to Hackman dated October 25, 2024, regarding financial positions and dispute matters.

**Exhibit 6** is the Final Objection submitted in the earnout dispute proceeding to the arbiter, containing detailed financial calculations and analysis.

**Exhibit 8** is WWEC's Initial Presentation to the Arbiter which contains financial analysis, revenue figures, cost data, and EBITDA calculations.

**Exhibit 9** is Hackman's Initial Presentation to the Arbiter which contains financial analysis, earnout calculations, and confidential financial data.

**Exhibit 10** is WWEC's Rebuttal Presentation to the Arbiter which contains financial analysis and responses to Hackman's financial contentions.

**Exhibit 11** is Hackman's Rebuttal Presentation to the Arbiter which contains financial data and arguments.

**Exhibit 12** is an Information Request issued in the Arbiter's earnout dispute resolution that references financial matters.

**Exhibit 13** is WWEC's Response to the Information Request that contains financial data regarding the company's operations.

**Exhibit 14** is Hackman's Response to the Information Request that contains financial data and calculations.

**Exhibit 16** is an email chain between the parties and the Arbiter containing communications regarding the dispute proceedings.

WWEC contends and this Court finds the requested level of restriction is appropriate because it prevents the public disclosure of what it contends is confidential financial and proprietary information while ensuring that all parties and their counsel retain full access to the documents necessary for the litigation. More particularly, and as argued by WWEC, the Court finds restricting access is warranted for three independent but overlapping reasons: (1) the

documents contain highly confidential financial and proprietary business information; (2) the parties are bound by express contractual confidentiality obligations; and (3) public disclosure would cause competitive and economic harm.

Regarding the first reason, Exhibits 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, and 16 contain detailed financial information and terms, earnout calculations based on the Company's Adjusted EBITDA, internal financial data regarding the Company's revenue and operations, confidential correspondence between the parties regarding earnout calculations, detailed financial presentations containing proprietary business analysis, revenue figures, cost data, and EBITDA calculations. These documents reveal the confidential financial workings of WWEC, including specific revenue figures, profitability metrics, pricing, margins, and operational details.

Concerning the second rationale for restriction, it appears Section 5.1(a) of the SPA provides that "[e]ach Seller Party shall keep confidential and not furnish, make available or disclose to any other Person confidential, non-public or proprietary information related to any Company Entity or the Business" and "shall hold all Confidential Information in strict confidence." Similarly, the BDO Engagement Letter provides that "[e]ach of the Parties and BDO shall treat and keep all Confidential Information as confidential," defining "Confidential Information" as "all non-public information obtained by one Party or BDO from the other Party or BDO, including any information delivered pursuant to the Document Delivery Timeline."

Lastly, as contended, the Court finds disclosure would: (a) reveal the company's confidential financial condition, including specific revenue figures, EBITDA calculations, and profitability metrics; (b) expose proprietary business arrangements and customer relationships; (c) harm WWEC competitively by revealing pricing, margins, and operational details to competitors;

and (d) potentially cause harm to the company's employees if detailed financial information becomes public.

The Court further finds that specific character of restriction sought is appropriate because it balances the parties' legitimate confidentiality interests against the need for counsel to access documents in the ordinary course of litigation. A lesser procedure would not suffice because the nature and prevalence of confidential and proprietary information in these documents makes other measures impracticable. See *Rodriguez v. United Rentals (North America), Inc.*, No. 1:16CV391-LG-RHW, 2018 WL 4185375, at *2 (S.D. Miss. Aug. 31, 2018).

Accordingly, the Court **GRANTS** the motion to restrict [Doc. 48], and grants permission for Exhibits 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, and 16 to Respondent's Answer and Counterclaim [Doc. 47] to be filed with access restricted to counsel and the parties only, and **GRANTS** WWEC the right to redact information from Respondent's Answer and Counterclaim as filed at [Doc. 47], which essentially includes the information contained in these Exhibits. Counsel is directed to deliver the exhibits to the Clerk's Office for filing in the place of their placeholders and to serve them on counsel opposite for their records.

**SO ORDERED**, this the 31st day of August, 2026.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**